**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN  DIVISION**

**CHRISTOPHER WITHERS**                                        **PETITIONER**

**VERSUS**                          **CIVIL ACTION NO.  4:09CV119 TSL-LRA**

**McQUA JONES, Warden**                                        **RESPONDENT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

THIS CAUSE is before the Court on the Motion to Dismiss filed by Respondent.

Respondent moves this Court, pursuant to 28 U.S.C. §2244(d),  to dismiss the

Petition for Writ of Habeas Corpus of  Petitioner.   Respondent argues that the

petition was not timely filed under the Antiterrorism and Effective Death Penalty Act

of 1996 (AEDPA) and, for this reason, it should not be considered on its merits.

Having carefully considered all briefing on the matter and all the applicable law, the

Undersigned hereby recommends as follows:

**FACTS AND PROCEDURAL HISTORY**

Petitioner was sentenced thirty (30) years in the custody of  Mississippi

Department of Corrections following his conviction for statutory rape in the Circuit

Court of Neshoba County Mississippi, on April 5, 2004, (Exhibit A to Respondents'

Motion to Dismiss).[1]   Following a direct appeal, the Mississippi Supreme Court

affirmed Petitioner's conviction and sentence on July 21, 2005.  *See* **Withers v.**

**State**, 907 So.  2d 342 (Miss.  2005).   The record reflects no post conviction

motions were filed by Petitioner.

---

[1] Unless otherwise indicated, all exhibits reference the exhibits to Respondent's
pleadings.

On September 9, 2009, Petitioner signed his [1] Petition for Writ of Habeas Corpus, and it was received and stamped "filed" by the Clerk of this Court on September 11, 2009.[2]   As grounds for relief, Petitioner raises the following as grounds: (1) the trial court erred by limiting his cross examination of the victim; (2) the trial court erred in allowing hearsay testimony; (3) the trial court erred in failing to grant his motion for JNOV; (4) the trial court erred when it failed to grant his motion for a new trial.

## APPLICABLE LAW

This case is subject to the provisions of the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"], including the statute of limitations contained in 28 U.S.C. § 2244(d).  Under § 2244(d), a petitioner must file his federal habeas relief petition challenging the state court conviction within one (1) year from the date his conviction becomes final.   28 U.S.C. § 2244(d) provides further as follows:

> (d)(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court.  The limitation period shall run from the latest of –
>
> (A)    the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant

---

[2]  Under the mailbox rule, a *pro se* federal habeas petition is deemed filed on the date that it is delivered to prison officials for mailing to the district court.  **Coleman v. Johnson**, 184 F. 3d 398, 401, *reh'g and reh'g en banc denied,* 196 F. 3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L. Ed. 2d 467 (2000) (*citing* **Spotville v. Cain**, 149 F. 3d. 374, 376-378 (5th Cir. 1998).

was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1) and (2).

Thus, unless the narrow exceptions of §2244 (d)(1) (B-D) apply, a federal habeas petition must be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court.  *See* **Cantu-Tzin v. Johnson**, 162 F. 3d 295 (5th Cir. 1998), *cert denied*, 119 S.Ct. 847 (1999); **Sonnier v. Johnson**, 161 F. 3d 941, 944 (5th Cir. 1998); **Flanagan v. Johnson**, 154 F. 3d 196, n.1. (5th Cir. 1998); *see also* **Hoggro v. Boone**, 160 F. 3d 1223, 1226 (10th Cir. 1998) (§ 2244 (d)(2) requires federal courts to toll the time spent in state court post-conviction litigation.)  Equitable tolling may apply to extend the one-year statute of limitations period, but only "in rare and exceptional circumstances." *See* **Scott v. Johnson**, 227 F.3d 260, 263 (5th Cir. 2000); **Davis v. Johnson**, 158 F.3d at 811.  Equitable tolling will not be applied if a petitioner failed to diligently pursue habeas corpus relief, and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."

**Anderson v. Cockrell**, 294 F. 3d 626, 629 (5th Cir. 2002).

## I. Respondent's Argument

Respondent contends Petitioner's conviction became final on October 19, 2005, ninety (90) days after the Mississippi Supreme Court affirmed his conviction and sentence, on July 21, 2005. *See* **Roberts v. Cockrell**, 319 F. 3d 690 (5th Cir. 2003); **Ott v. Johnson**, 192 F. 3d 510, 513 (5th Cir. 1999). Accordingly, Respondent maintains Petitioner was required to file a "properly filed" application in compliance with §2244(d) (2) on or before October 19, 2006, to toll the statute of limitations, or his habeas petition would be considered untimely. *See* **Flanagan v. Johnson**, 154 F. 3d 196, 201 (5th Cir. 1998); **Davis v. Johnson**, 158 F. 3d 806 (5th Cir. 1998). Petitioner did not file any post conviction motions, however, to toll the statute of limitations. As such, because Petitioner's habeas petition was signed September 9, 2009, and filed on September 11, 2009, Respondent argues it should be dismissed as untimely.

Respondent also argues that the records from the Mississippi Department of Corrections' Inmate Legal Assistance Program ("ILAP") reflect Petitioner received a "First Step Packet on Post-Conviction Collateral Relief," notifying him of AEDPA's statute of limitations. Respondent points out that Petitioner received the packet on September 9, 2005, prior to the date the statute of limitations began to run on October 19, 2005. (Exhibit C) Respondent also submits an affidavit from the Director of the Inmate Legal Assistance Program for the Mississippi Department of Corrections, Gia N. McLeod. The affidavit avers that the first-step

post-conviction packet, which is available to inmates upon request, contains (1) an explanation of the packet; (2) a separate document entitled the Basic Explanation of the Appeals Process; (3) and, information regarding the federal statute of limitations as it relates to state post-conviction and federal habeas deadlines. ***See also* Neal v. Bradley**, 2006 WL 2796404 (N.D. Miss. September, 25, 2006), *citing* the affidavit of the Director of the Inmate Legal Assistance Program provided by Gia McLeod. Respondent maintains ILAP records clearly indicate that not only was Petitioner sent a First Step packet, but he made several other requests to ILAP during the relevant limitations period. As such, Petitioner was familiar with the procedure for utilizing ILAP and was in no way prevented from learning of the AEDPA limitations period.

## II. Petitioner's Response

Petitioner does not dispute that his petition is untimely, but argues rare and extraordinary circumstances exist to warrant equitable tolling. To that end, he makes two arguments for the application of equitable tolling. First, Petitioner argues his counsel did not inform him of AEDPA, or the statute of limitations' deadline. In support, Petitioner submits affidavits from both his aunt and uncle, which state as follows:

> After the Direct Appeal was affirmed by the Mississippi Supreme Court, Mr. Don Kilgore [,] counsel for Chris stated that there was not anything else that could be done, that it was a dead issue. That we needed to except [sic] it and to live with it.

(Petitioner's Traverse, p. 5). Without addressing the affidavits specifically,

Respondent contends that Petitioner does not provide any argument that his appellate counsel was intentionally deceitful, and that any alleged failure to inform Petitioner of habeas relief by trial counsel was not error as his duty to Petitioner ceased when the direct appeal was concluded.

### III. Analysis

Under controlling Fifth Circuit law, an attorney's intentional deceit can warrant equitable tolling, but only if the petitioner demonstrates that he "reasonably relied on his attorney's deceptive misrepresentations." **United States v. Riggs**, 314 F. 3d 796, 799 (5th Cir. 2002) *reh'g denied*, February 11, 2003l; see also **United States v. Wynn**, 292 F. 3d 226 (5th Cir. 2002)(equitable tolling warranted where an attorney intentionally deceives his client into believing that a timely application has been filed on his behalf when it has not). Where a petitioner, for example, is deceived by his attorney into believing that the attorney has filed a habeas petition on his behalf, equitable tolling applies. **Id**. However, "counsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [petitioner's] habeas petition in the district court within the one-year limitations period." **Id**. Indeed, mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified. **Cousin v. Lensing**, 310 F. 3d 843 (5th Cir. 2002).

Assuming *arguendo,* Petitioner did not pursue habeas relief because of counsel's representations, in light of the foregoing, the Undersigned finds that Petitioner cannot be granted equitable tolling based on counsel's alleged failure to

inform Petitioner of habeas proceedings. Even if Petitioner were found to have reasonably relied on counsel's statements, the Court does not have sufficient evidence to find that counsel made these statements with the intent to deceive. At most, the affidavit provided by Petitioner, shows counsel provided mistaken advice, rather than intentional deceit, and "while error or neglect may warrant professional discipline of the attorney, it simply does not justify equitable tolling of the AEDPA's statute of limitations." **Bartnely v. Louisiana Dept. of Corrections**, 2009 WL 28782932 *5 (E.D. La. Sep. 2, 2009). Morever, the Court finds no evidence to show that the State prevented Petitioner from filing his federal petition. Absent such a showing, this Court must find his federal habeas application is untimely filed.

Petitioner also claims that he is entitled to equitable tolling because, contrary to what Respondent maintains, he did not have access to the Inmate Legal Assistance Program. Specifically, Petitioner claims other inmates used his name and identification number to obtain a "First Step Packet," because the program limits inmates to ten (10) cases per week. (Petitioner's Traverse, p. 3). Respondent offers no argument in response to this claim. Ms. McLeod's affidavit, however, explains that "all new inmates brought into the system are given an inmate handbook which outlines the ILAP program, its functions and how to gain access." (Exhibit D, p. 1) It explains further that inmates gain access to the ILAP program by placing a written request in the specified place at his/her housing unit. Inmates are also permitted one request per week, and are limited to ten (10)

cases per week, unless a need for additional information is shown.  (Exhibit D, p. 3).

It is well settled in this Circuit that a Plaintiff's unfamiliarity with the legal process during the applicable filing period does not merit equitable tolling.  *See, e.g.* **Felder v. Johnson**, 204 F.  3d 158, 172-73 (5th Cir.  2000), *cert.  denied*, 531 U.S. 1035, 121 S.  Ct.  622, 148 L. Ed.  2d 532 (2000)(ignorance of law insufficient to toll statute of limitations); **Turner v. Johnson**, 177 F.  3d 390, 392 (5th Cir.  1999) *cert.  denied*, 528 U.S. 1007 120 S.Ct.  504, 145 L.  Ed.2d 389 (1999) (unfamiliarity with legal process does not merit equitable tolling).  Whether the  unfamiliarity is "due to illiteracy or any other reason" is irrelevant. **Id**. Moreover, even assuming Petitioner's ability to obtain a first-step packet was impeded by other inmates, Petitioner has not shown that these external forces, rather than his lack of diligence was the cause of his delay in filing a habeas petition.  He does not, for example, indicate when he became aware that other inmates were using his name and identification number to obtain ILAP packets, nor does he indicate at what point after he became aware that he began to pursue habeas relief.  Additionally, he does not provide any administrative grievances showing that he attempted to notify the proper authorities that his access to the ILAP program was being impeded.   He simply has not supported this claim with sufficient specificity to establish that he is entitled to additional tolling.

Out of an abundance of caution, the Undersigned also addresses the United States Supreme Court's recent decision in **Holland v.  Florida, 560** —, 130 S.

Ct. 2549 – L. Ed. 2d —, 2010 WL 234569 (U.S. June 14, 2010). In **Holland**, the Court held that AEDPA's statute of limitations period may be equitably tolled only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." **Holland**, 2010 WL 234549 at *9 and 12 (internal quotations and citations omitted). This case was appealed to the Supreme Court following the Eleventh Circuit's holding that an attorney's conduct, even if negligent or grossly negligent, does not rise to the level of egregious misconduct that would warrant equitable tolling of an untimely filed habeas petition, unless the petitioner offers proof of bad faith, dishonestly, divided loyalty, or mental impairment. **Id**. at *3. The Supreme Court found the Eleventh Circuit's standard was too inflexible, however, and was "difficult to reconcile with more general equitable principles in that it fails to recognize that, at least sometimes, professional misconduct that fails to meet the Eleventh Circuit's standard could nonetheless amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling." **Id**.

As guidance for the Eleventh Circuit on remand, the Court made clear that "the diligence required for equitable tolling purposes is 'reasonable diligence,' … not 'maximum feasible diligence.'" **Id**. at 14 (internal quotations and citations omitted). Applying this standard here, the Undersigned finds that, unlike in **Holland**, Petitioner Withers did not act with reasonable diligence.

After repeated attempts to obtain critical information from his counsel concerning the filing of his habeas petition, "the *very day* that Holland discovered

that his AEDPA clock had expired due to [his counsel]'s failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court," approximately five weeks after the one-year statute of limitations period expired. **Id**. (emphasis in original). Here, by contrast, Petitioner filed his habeas petition approximately three (3) years late, and made no apparent efforts during that time period to file his petition. Morever, as discussed herein, although Petitioner denies receiving an ILAP packet, prison records indicate the contrary; in fact, the Undersigned finds that Petitioner had access to the prison library the entire time, according to records from 2005 and 2006. Perhaps, however, what most clearly distinguishes **Holland** from the case at hand, is that counsel in that case was appointed to represent petitioner for both state and federal post conviction proceedings. The record evidence in this case does not show, *nor does Petitioner even allege*, that counsel was retained for post conviction proceedings here. Moreover, the Supreme Court has long held that in the post conviction context, prisoners have no constitutional right to counsel. *See* **Lawrence v. Florida**, 549 U.S. 327, 336-337, 127 S.Ct. 1079, 166 L.Ed. 2d 924 (2007).

The **Holland** Court also held that an attorney's failure to satisfy the professional standard of care may constitute an "extraordinary circumstance" warranting equitable tolling. The Court made clear, however, that equitable tolling is not warranted for a " 'garden variety claim' of attorney negligence." **Id**. at *13. Unlike the facts presented here, in **Holland**, counsel also failed to file Holland's federal petition on time despite Holland's many letters repeatedly emphasizing the

importance of doing so; counsel also failed to do the research necessary to determine the proper filing date, despite Holland's letters that identified the applicable rules; counsel also failed to inform Holland in a timely manner that the state supreme court had decided his case, despite several pleas from Holland requesting that information; and, counsel failed to communicate with his client over a period of years, again, despite various pleas from Holland requesting counsel do so.  **Id**.  at *14. Moreover, in **Holland**, there was evidence that petitioner could not independently learn the status of his case because the state court would not communicate with him except through counsel, and therefore he had to rely on counsel.  **Id**.  at *4.

### IV. FINDINGS AND CONCLUSIONS

The Undersigned, having considered the motion, the record, and the applicable law, finds Respondent's calculations comport with the applicable law stated herein and the motion should be granted.  The AEDPA statute of limitations began running on October 19, 2005, the date Petitioner's conviction became final, and continued to run for one year until October 19, 2006.   Hence, his habeas petition filed in this Court on September 11, 2009, was untimely.  For the reasons explained, Petitioner has also failed to establish he is entitled to statutory or equitable tolling. It is the Undersigned's opinion, therefore, that Petitioner's federal habeas petition is untimely and therefore barred under 28 U.S.C. §2244(d), and should not be considered on its merits.

The parties are hereby notified that failure to file written objections to the

11

proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009).

This the 29th day of July 2010.

_____S/Linda R. Anderson_____
UNITED STATES MAGISTRATE JUDGE